UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| | CASE NO. 10-18463-WCH |
| STEPHEN J. GIATRELIS and | |
| NICOLETTA T. GIATRELIS, | |
| | |
| Debtors. | |

OBJECTION OF CHAPTER 7 TRUSTEE TO
DEBTORS' EXEMPTIONS

Now comes Stephen E. Shamban and says as follows:

1. He is the Chapter 7 Trustee herein, duly qualified and acting in said capacity.

2. This Chapter 7 case was filed on August 4, 2010. The Section 341(a) meeting was commenced on August 31, 2010.

3. In connection with the filing of their Schedules, the Debtors claimed certain exemptions pursuant to their Schedule C. A photostatic copy of said Schedule C is attached hereto and made a part hereof as Exhibit "A".

4. According to the Debtors' Schedules, and their testimony at the Section 341(a) meeting, they reside at 106 Cape Drive, Mashpee, Massachusetts; a parcel of real estate which is disclosed at Schedule A.

5. According to Schedule A, the Debtors also claim an ownership interest in the real estate at 91 Ocean Drive, West Hyannisport.

6. According to the Debtors' Schedule C, they have selected the exemptions to which they would be entitled pursuant to 11 U.S.C. § 522(b)(2). Accordingly, the exemption choices to which they are entitled are limited and specified pursuant to the provisions of 11 U.S.C. §522(d).

7. The Debtors have claimed exemptions pursuant to 11 U.S.C. §522(d)(1) in the sums, respectively, of $4,190.00 with regard to the residence at 106 Cape Drive, Mashpee, Massachusetts and $1.00 with regard to the real estate at 91 Ocean Drive, West Hyannisport.

8. Pursuant to the provisions of 11 U.S.C. § 522(d)(1), the Debtors are limited to an exemption not to exceed $21,625.00 in value, in real property …. that the debtor … uses as a residence. The Debtors, accordingly, are limited to the application of this exemption to their residence and not to any other property.

9. Accordingly, the exemption claim pursuant to 11 U.S.C. § 522(d)(1) as to 91 Ocean Drive, West Hyannisport is improper and the exemption claim therein should be denied.

10. The Debtors had claimed the following exemptions pursuant to the provisions of 11 U.S.C. § 522(d)(5):

| Description of Property | Statute | Value of Exemption |
|---|---|---|
|  |  |  |
| Condominium located at 933 Main Street, Osterville, MA as described in a deed recorded in Book 14468, Page 113 | 11 U.S.C. §522(d)(5) | $23,950.00 |
| Cash | 11 U.S.C. §522(d)(5) | $50.00 |
| Citizens Bank checking bank 180-7 | 11 U.S.C. §522(d)(5) | $500.00 |
| Citizens Savings Account 169816 | 11 U.S.C. §522(d)(5) | $0.84 |
| Citizens savings account 473190 | 11 U.S.C. §522(d)(5) | $2,248.16 |
| Citizens Business checking 4263 | 11 U.S.C. §522(d)(5) | $653.66 |
| TD Bank checking account no. 4277 | 11 U.S.C. §522(d)(5) | $1,096.34 |
| Clothing | 11 U.S.C. §522(d)(5) | $200.00 |
| Sporting Equipment | 11 U.S.C. §522(d)(5) | $200.00 |
| 16% ownership in flip flops shops inc. debts substantially more then the assets | 11 U.S.C. §522(d)(5) | $1.00 |
| Promissory Note pay off amount 30,985.24 – present value +/- | 11 U.S.C. §522(d)(5) | $19,000.00 |

11. The total amount of the Debtors' exemption claims pursuant to 11 U.S.C. §522(d)(5) is $47,900.00.

12. 11 U.S.C. §522(d)(5) very clearly specifies that the debtor may exempt the aggregate interest in any property, not to exceed in value $1,150.00 plus up to $10,825.00 of any unused amount of the exemption provided under paragraph (1) of Section 522(d)(1).

13. Since the Debtors have previously used the sum of $4,191.00 as their exemption choice pursuant to 11 U.S.C. §522(d)(1), the amount of exemption to which they are entitled pursuant to 11 U.S.C. §522(d)(5) is $11,975.00 per person.

14. Accordingly, the total amount of the joint exemption to which they would be entitled under 11 U.S.C. §522(d)(5) is $23,950.00.

15. Since their exemption declarations pursuant to 11 U.S.C. §522(d)(5) total $47,900.00 they have clearly over exceeded their allotment pursuant to this Section and the entire exemption claim pursuant to 11 U.S.C. §522(d)(5) should be denied.

WHERFORE, Stephen E. Shamban, Chapter 7 Trustee respectfully requests that this Honorable Court:

1. Deny the Debtors' exemption claims pursuant to 11 U.S.C. §522(d)(1) as to 91 Ocean Drive, West Hyannisport;

2. Deny the Debtors' exemption claims pursuant to 11 U.S.C. §522(d)(5); and

      3.      Enter an order for such other and further relief as is meet and proper and as justice may require.

                    STEPHEN E. SHAMBAN, CHAPTER 7 TRUSTEE
                    By his Attorneys,
                    STEPHEN E. SHAMBAN LAW OFFICES, P.C.

                    By: */s/Stephen E. Shamban*
                         STEPHEN E. SHAMBAN (BBO 453300)
                         P.O. BOX 850973
                         222 FORBES ROAD, STE. 208
                         BRAINTREE, MA  02185-0973
                         (781) 849-1136
                         EMAIL: sshamban@yahoo.com

Jm:giatrelis objection to exemption 9 7 10

## CERTIFICATE OF SERVICE

I, Stephen E. Shamban, do hereby certify that on September 8, 2010 I electronically filed with the Clerk of the Bankruptcy Court: OBJECTION OF CHAPTER 7 TRUSTEE TO DEBTORS' EXEMPTIONS and served same in the following manner upon the interested parties:

E-Mail Service:  via the Court's CM/ECF system which sent notification of such filing to the following:

- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Jeffery Johnson    jeff@jefferyjohnsonesq.com, jenn@jefferyjohnsonesq.com
- Walter M. Lupan    wmlupan@gmllaw.com


Mail Service:  via Regular, first-class United States mail, postage fully pre-paid, addressed to:

None




                                                      */s/Stephen E. Shamban*
                                                     Stephen E. Shamban, Esq.

Jm:giatrelis objection to exemption 9 7 10